IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James S. Blanding, ) | |
| ) | Civil Action No. 6:14-2748-TMC-KFM |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Warden Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

    The petitioner, a state prisoner proceeding *pro se*, brought this action seeking habeas corpus relief pursuant to Title 28, United States Code, Section 2254.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the district court.

    On December 2, 2014, the respondent filed a motion for summary judgment. By order of this court filed on December 3, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.  The petitioner did not file a response.

    As the petitioner is proceeding *pro se*, the court filed an order on January 22, 2015, giving the petitioner through February 11, 2015, to file his response to the motion for summary judgment.  The petitioner was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute.  The petitioner has not responded.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b)[1] for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the petitioner is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the petitioner's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the respondent is left to wonder when the action will be resolved. The petitioner has not responded to the respondent's motion for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned concludes the petitioner has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the petitioner no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

s/ Kevin F. McDonald
United States Magistrate Judge

February 25, 2015
Greenville, South Carolina

---

[1] Rule 12 of the Rules Governing Section 2254 Cases states: "The Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

2